UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Peter C. Cubba,

    Debtor.

_____/

Case No. 11-43192
Chapter 7
Hon. Walter Shapero

**Flagstar Bank, FSB**,

    Plaintiff,

v.

**Greenstone Investments, LLC**, a Michigan limited liability company, **Fairfield Investments, LLC**, a Michigan limited liability company, **Allen Point Investments, LLC**, a Michigan limited liability company, **Peter J. Cubba**, an individual, **Peter J. Cubba Revocable Living Trust Agreement Dated March 5, 1999, as Amended**, a trust, and **Peter C. Cubba**, an individual,

    Defendants.

_____/

Adv. Pro. No. 11-05518

## OPINION GRANTING PLAINTIFF'S MOTION TO REMAND PORTION OF REMOVED PROCEEDING TO STATE COURT

The matter before the Court is Flagstar Bank, FSB's Motion for Remand of Oakland County Circuit Court Case No. 10-107474-CK (Docket No. 12). In that motion, Plaintiff argues that (1) this Court does not have jurisdiction over the state court case, and (2) grounds exist for equitable remand of the case. The Court held a hearing on the matter and took it under advisement. Two sets of claims were identified with regard to the remand issue: (a) the claim by Plaintiff against the Trust Defendant for breach of its guaranty obligations ("Guaranty Claim"), and (b) the appointment of a receiver by the Oakland County Circuit Court order dated February

1

10, 2010 and the activity of the receiver in accordance with that order ("Receivership Administration"). On July 27, 2011, the parties entered into a stipulation by which the parties agreed that the Receivership Administration portion of the matter would be remanded to the Oakland County Circuit Court (Docket No. 21). The Court entered an order to that effect on that same date (Docket No. 22). The remaining issue is whether the Guaranty Claim should be remanded. This opinion is in regard to only that issue.

## I. BACKGROUND

Peter C. Cubba ("Debtor") filed a Chapter 7 bankruptcy petition on February 9, 2011. Among his assets listed on Schedule B are interests in Greenstone Investments, LLC ("Greenstone"), Allen Pointe Investments, LLC ("Allen Pointe"), and Fairfield Investments, LLC ("Fairfield"). Those three entities comprise real estate developments of one kind or another. Another item listed on Schedule B is Debtor's interest in the Peter C. Cubba Revocable Living Trust. Greenstone, Allen Pointe, and Fairfield had each obtained loans from and gave mortgages to Plaintiff. Incident to those loan transactions, the Peter J. Cubba Revocable Living Trust ("Trust"), of which Debtor's now deceased father was grantor, issued a limited (as to amount) guaranty of the Flagstar indebtedness. The beneficiaries of the Trust are Peter J. Cubba's wife, Debtor, and Debtor's siblings. The assets of the Trust apparently primarily consist of a substantial number of holdings in real estate developments, including, but not limited to, Greenstone, Allen Pointe, and Fairfield. Debtor also signed guaranties, in an individual capacity, relating to that Flagstar debt.

In February 2010, Flagstar commenced an action in state court against the Defendant's seeking (a) judgments on the notes and guaranties; and (b) a receiver over the property of Greenstone, Allen Point, and Fairfield, as provided for in the mortgages. A receiver was appointed and he proceeded to take steps to liquidate the properties, the values of which are substantially less than the Flagstar indebtedness. As of the filing of this bankruptcy case, (1) one of the properties had been sold, another was under contract to be sold, and negotiations were pending with respect to the sale of the third, and (2) Flagstar's motion for summary disposition against the Trust had been filed in the state court action and was scheduled to be heard. The Trust thereafter removed the entire state court proceeding to this Court and Flagstar thereafter filed the instant motion to remand. As noted, on July 27, 2011, the parties entered into a

stipulation by which the parties agreed that the Receivership Administration portion of the matter would be remanded to the Oakland County Circuit Court and the Court entered an order to that effect.

## II. DISCUSSION

### A. Jurisdiction under 28 U.S.C. § 1334

Flagstar argues that the Court does not have jurisdiction over this case under 28 U.S.C. § 1334. The parties do not, and cannot, seriously contend that this Court does not have jurisdiction under § 1334, especially in light of the very broad parameters of "related to" jurisdiction set forth in *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996).

To determine whether the bankruptcy court has jurisdiction under § 1334, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy. *Michigan Employment Security Commission v. Wolverine Radio Company, Inc. (In re Wolverine Radio Company)*, 930 F.2d 1132, 1140 (6th Cir. 1991). The Sixth Circuit Court of Appeals clearly described "related to" jurisdiction in its opinion in *In re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996).

> The definition of a "related" proceeding under Section 1334(b) was first articulated by the Third Circuit in the *Pacor* [*, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)]. As stated in that case, the "usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could *conceivably have any effect* on the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994. An action is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*.

*Dow Corning Corp.*, 86 F.3d at 489 (emphasis added). That Court further explained:

> A key word in [the] test is "conceivable." Certainty or even likelihood, is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on "the debtor's rights, liabilities, options, or freedom of action" or the "handling and administration of the bankrupt estate."

*Id*. at 491 (quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 264 (3d Cir. 1991)). The Sixth Circuit Court of Appeals has accepted that articulation, "albeit with the caveat that 'situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement.'" *Wolverine Radio Company*, 930 F.2d at 1142 (quoting *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir. 1986)).

The Court concludes that it does have "related to" jurisdiction over this matter.

B.  Equitable Remand under 28 U.S.C. § 1452(b)

The more serious issue here is whether, or the extent to which, the Court should exercise its discretion under 28 U.S.C. § 1452(b) to remand the Guaranty Claim "on any equitable ground." In this case, the Trust asserts that it has a defense to the sought after judgment against it on its guaranty, in that, at the time of giving the guaranty, Peter J. Cubba (Debtor's father), the then trustee of the Trust, was sufficiently incompetent and/or possibly under the undue influence of the Debtor. It argues that those allegations, if true, would support a position that the guaranty was not validly obtained and/or is unenforceable. Such defenses, as of the time of the filing of the bankruptcy, had not been formally asserted in the state court action. One of the grounds for Flagstar's pending summary judgment motion in the state court is apparently that any such defenses have been waived, or, that the facts were such as would not preclude a summary judgment on the Trust's guaranty. The Trust also argues, insofar as the Debtor is directly concerned, that (1) the Trust may have a claim for contribution from Debtor if it is subjected to a judgment on the guaranty, and (2) the Trust has other claims against the Debtor. It then argues that this matter involves facts or proofs with regard to Debtor's role in the transactions, similar to what will come into play in the Trust's indicated defenses to Flagstar's guaranty claim against the Trust, and thus considerations of duplication and minimizing or avoiding multiple proceedings favor this matter being adjudicated in this Court, where the Trust can file claims and/or adversary proceedings in pursuit of its claims against the Debtor, and the indicated defenses and issues can be heard and decided in one court – i.e., this one.

28 U.S.C. 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Under this provision, courts have discretion to remand state law causes of action whenever doing so presents appropriate equitable grounds. *See Cook v. Cook*, 215 B.R. 975, 980 (Bankr. E.D. Mich. 1997). The factors to be taken into account in deciding whether remand is equitable include:

> 1) duplicative and uneconomical use of judicial resources in two forums; 2) prejudice to the involuntarily removed parties; 3) forum non conveniens; 4) the state court's ability to handle a suit involving questions of state law; 5) comity considerations; 6) lessened possibility of an inconsistent result; and 7) the expertise of the court in which the matter was originally pending.

4

*Mann v. Waste Mgmt. of Ohio, Inc.*, 253 B.R. 211, 214-15 (N.D. Ohio 2000).

In this case, most of the above-listed factors support remand of this case to the state court. Specifically, the following factors support this Court's conclusion:

(1) if this case were not remanded to the state court, there would be duplicative and uneconomical use of judicial resources in two forums, specifically since discovery has already been substantial, if not completed in the state court and there is already a pending Motion for Summary Disposition in the state court and since the Receivership Administration portion of this matter has already been remanded to the state court by stipulation;

(2) although there is nothing that would constitute material prejudice to the involuntarily removed parties, it would certainly be more economical for the parties to litigate this issue along with the Receivership Administration issue in the state court;

(3) although this Court is able to determine the state law issue(s), the state court is in a better position to determine the Guaranty Claim, especially given the status of the litigation to date in the state court case; and

(4) remanding this matter to the state court would eliminate the possibility of an inconsistent result with regard to this matter.

The other indicated factors are either neutral or not applicable.

### III. CONCLUSION

Accordingly, the Court grants Plaintiff's Motion to Remand the Guaranty Claim to the state court. In doing so, it should be clear that the remand is only to the extent that the state court decide the validity and amount, if any, of the Guaranty Claim, following which, it's treatment will be a matter for the Bankruptcy Court to determine. An order will be concurrently entered.

.

```
Signed on August 19, 2011
                        /s/ Walter Shapero
                    Walter Shapero
                    United States Bankruptcy Judge
```

5